IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 2:14-00113

**JAMES H. EVANS III**

## MEMORANDUM REGARDING FIDUCIARY DUTY

Comes now the United States of America, by Meredith George Thomas, Assistant United States Attorney, and submits this memorandum explaining David Runyon's fiduciary duty owed to Arch Coal, Inc., while he was general manager at Mountain Laurel Mining Complex, part of Mingo-Logan Coal Company, of one of Arch Coal, Inc.'s wholly-owned subsidiaries.

**I.  A conspiracy charge does not require that the United States prove each substantive element.**

To meet the burden of proof in respect to a conspiracy, the United States need not prove all elements of the substantive crime. At the outset, as a conspiracy charge, the United States would only have to prove that (1) honest services mail fraud was the object of the conspiracy; (2) that Evans joined the conspiracy; and (3) at least one of the overt acts alleged was committed in furtherance of the conspiracy.

**II. Fiduciary Duty as an Element of Honest Services Fraud.**

A scheme to defraud a company of its right to the honest services of an employee requires the breach of a fiduciary duty through participation in a bribery or kickback scheme. Furthermore, the breach must occur through the acceptance or demand of bribes or kickbacks. See Skilling v. United States, 561 U.S. 358, 408-09 (2010) (narrowing honest services fraud to cases of bribery and kickback schemes). The bribery or kickback must be in exchange for official action. Id. at 409.

The Supreme Court in Skilling listed certain types of fiduciary relationships, and noted that debates on whether a fiduciary duty exists in bribery and kickback schemes are rare. Id. at 407 n.41. For example, the Supreme Court noted that the undisputed fiduciary relationships covered by the statute include public official-public, employee-employer, and union official-member.[1] Id. at n.41. The Supreme Court explained, "whatever the school of thought concerning the scope and meaning of § 1346, it has always been 'as plain as a pikestaff that' bribes and kickbacks constitute honest-services fraud." Id. at 412; see also United States v. George, 477 F.2d 508, 514 (7th

---

[1] Justice Scalia, perhaps foreseeing the issue before this Court today when concurring-in-part with the majority, noted that "the most fundamental indeterminacy" in the majority's decision is "the character of the 'fiduciary capacity' to which the bribery and kickback restriction applies." Skilling, 561 U.S. at 421.

Cir. 1973) ("If the substantial payments from [vendor] to [employee] were not designed to compromise [employee's] fiduciary duties to [employer], why were they not made directly and openly . . .? Why would the transaction be so shrouded in secrecy and spuriousness if [employee] could legitimately make and hide from [employer] an enormous profit from his employment position or curry [vendor's] favor?").

In the private sector, the statute applies to "an officer or employee of a private entity (or a person in a relationship that gives rise to a duty of loyalty comparable to that owed by employees to employers)." United States v. Rybicki, 354 F.3d 124, 141-42 & n.17 (2d Cir. 2003); see also United States v. Milovanovic, 678 F.3d 713, 724 (9th Cir. 2012), as amended (May 22, 2012) (post-Skilling, and noting that a fiduciary duty for the purposes of § 1346 does not require a formal fiduciary duty and can be found when there exists a "trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise").

Skilling does not instruct that courts must look to state law to determine whether a statutory fiduciary duty relationship exists. See generally Skilling, 561 U.S. at 412. Courts therefore must examine circumstances surrounding the relationship between the person holding the duty and the entity

3

to which the duty is owed. See United States v. Williams, 441 F.3d 716, 724 (9th Cir. 2006) (finding that a fiduciary duty existed for the purposes of § 1346 when defendant was entrusted with large sums of money and signed a power of attorney). Courts considering the existence of a fiduciary duty in other circumstances have determined that wholly-owned subsidiaries should be managed by directors in the best interests of the parent corporation. See, e.g., Anadarko Petroleum Corp. v. Panhandle E. Corp., 545 A.2d 1171, 1174 (Del. 1988). Similarly, an officer or high-ranking administrator in a mine that is part of a wholly-owned subsidiary in turn would have a duty to manage that mine in the best interest of the parent company.

**III. David Runyon owed Arch Coal a fiduciary duty as a General Manager of a mine that was part of its wholly-owned subsidiary.**

Pursuant to the pleadings in a related case in this matter, David Runyon acknowledged that he and others employed at Mountain Laurel Mining Complex were employees of Arch Coal and that Mountain Laurel Mining Complex was an Arch Coal mine. See United States v. Runyon, 2:14-cr-117, ECF No. 9 at 20-21 (stipulation of facts attached to Runyon plea agreement). While technically at times, pursuant to the corporate structure of Arch Coal, Inc. and its subsidiaries, Mr. Runyon was an employee of the Mingo-Logan Coal Company, Arch Coal was the ultimate

4

beneficiary of any fiduciary duties owed by Mr. Runyon, and in turn was the ultimate victim of any breach of such duty. Selections from Runyon's personnel file support this position. In 2007, Runyon's performance review as the Mountain Laurel General Manager, which he signed, was on an Arch Coal, Inc. form and referenced how Mountain Laurel's performance contributed to Arch Coal's bottom line. See, e.g., Ex. A (excerpts from 2007 performance review noting Arch Coal safety goals, "ACI's economic performance" and meeting coal commitments "resulting in a very good year for Arch Coal"). The summary of Runyon's performance review stated that, "Under Dave's leadership, the Mountain Laurel Complex is developing into a solid business unit <u>that will contribute much to the future of Arch Coal</u>." Ex. A at 4 (emphasis added). Arch Coal, who was the known benefactor of David Runyon's actions as general manager of Mountain Laurel, placed trust in him as an employee of a subsidiary, and thus in turn Arch Coal was owed a fiduciary duty by Runyon.

Furthermore each year, including 2009 and 2010, Arch Coal Inc. distributed a Code of Conduct to employees of Arch Coal, Inc., as well as to its subsidiaries' employees, which described the Code as rules applicable to all employees of "the Company," which included Arch Coal and its subsidiaries. See Ex. B. at 3 (unnumbered page) (2009 Code of Conduct), Ex. C. at 3 (unnumbered page) (2010 Code of Conduct). The Code specifically

5

stated that "employees are responsible for the integrity . . . of the Company's financial records . . . ." The Code further required that the Company's books and records "clearly describe and identify the relevant facts or the true nature of the business transaction . . . ." Ex. B at 2; Ex. C at 2. The Code additionally noted that employees "must act lawfully and in the Company's best interests" and that "conflicts of interest arise when we put our . . . financial . . . interests before the Company's interests." Ex. B at 7; Ex. C at 7. The Code specifically stated that "we will not pay or receive kickbacks for obtaining business for or from the Company." Ex. B at 11; Ex. C at 11. The Code further proscribed "pay[ing] or receiv[ing] money, gifts, services, loans or other favors that may influence your business decisions or compromise your independent judgment." Ex. B. at 12, Ex. C. at 12. The Code of Conduct distributed to Arch Coal employees and subsidiary employees indicates the expectations of Arch Coal that the employees would act in its best interests and for the good of the company. The Code further illustrates the nature of the fiduciary duty that Runyon owed Arch Coal.

**IV.  Conclusion.**

Runyon, as General Manager of Mountain Laurel Mining Complex, owed a fiduciary duty to Arch Coal, Inc.  While the parties believe that this memorandum sufficiently explains the fiduciary duty owed to Arch Coal by David Runyon, should the Court have further concerns regarding the fiduciary duty, the parties are willing to submit an amended information and stipulation of facts addressing the Court's concerns.

                        Respectfully submitted,

                        R. BOOTH GOODWIN II
                        United States Attorney

By:  s/Meredith George Thomas
     MEREDITH GEORGE THOMAS
     Assistant United States Attorney
     WV State Bar No. 10596
     300 Virginia Street, East
     Room 4000
     Charleston, West Virginia 25301
     Telephone:  304-345-2200
     Fax:  304-347-5104
     E-mail: meredith.thomas@usdoj.gov

Reviewed By: Robert B. Kuenzel II
             Kuenzel & Associates PLLC
             36 Adams Street
             Chapmanville, West Virginia 255

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "MEMORANDUM REGARDING FIDUCIARY DUTY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 16th day of February, 2015 to:

        Robert B. Kuenzel II
        Kuenzel & Associates PLLC
        36 Adams Street
        Chapmanville, West Virginia 25508

        s/Meredith George Thomas
        MEREDITH GEORGE THOMAS
        Assistant United States Attorney
        WV State Bar No. 10596
        300 Virginia Street, East
        Room 4000
        Charleston, West Virginia 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        E-mail: meredith.thomas@usdoj.gov